IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE TRENT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-23-243-SPS |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Stephanie Trent was the prevailing party in this action under the Social Security Act following an Opinion and Order by this Court entered on May 8, 2024, remanding the case to the Defendant for further administrative action. (Docs. 18 & 19). The Commissioner and the Plaintiff have stipulated to attorney fees in the amount of $6,500.00. (Doc. 20).

Upon review of the record herein, the Court finds that the agreed amount is reasonable, and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The

---

[1] On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted for Kilolo Kijakazi as the Defendant in this action.

EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Payment of this amount shall constitute a complete release from and bar to all claims Plaintiff may have relating to EAJA fees in connection with this action. The EAJA award is without prejudice to Plaintiff's attorney's right to seek attorney fees pursuant to section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1).

Under *Astrue v. Ratliff,* 560 U.S. 586, 595-98 (2010), EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Plaintiff has assigned her right to EAJA fees to her attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney. Accordingly, IT IS ORDERED that the Plaintiff's Stipulated Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 20) is hereby GRANTED, and the Government is hereby ordered to pay the agreed-upon $6,500.00 fee award to the Plaintiff as the prevailing party herein.

IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 17th day of July, 2024.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**